SHIELDS, Appellant, v. HOBART et al.

In Banc, March 4, 1903.

Deed of Trust: FRAUDULENT NOTES: CORPORATION: NOTES INDORSED BY DIRECTORS: PREFERENCE. Notes issued by a corporation to obtain money wherewith to pay dividends which have not been earned are void, and the managing officers of such company who indorsed such notes and afterwards paid them, are not entitled to have such notes set off against the claim of a judgment creditor of the company, who, on the faith that all the capital stock of the company had been paid in, without any knowledge of the business methods of the company, has become a bona fide owner of its notes, and by a suit in equity against the stockholders seeks to have the unpaid balance of the nominally paid-up stock issued to them, subjected to the payment of his debt, and such notes being void, a deed of trust on the company's lots given to secure their payment, a foreclosure, and a trustee's sale and deed to the indorsers will be set aside at the suit of such judgment creditor.

Appeal from Greene Circuit Court.—*Hon. Jas. T. Neville,* Judge.

REVERSED (*with directions*).

*Heffernan & Heffernan and Wm. G. Pettus* for appellant.

*Adiel Sherwood* and *Benj. U. Massey* for respondents.

PER CURIAM.—The above entitled cause having been heard and considered by the Court in Banc, the

opinion of GANTT, J., in Division Two is adopted as the opinion of the court. *Robinson, C. J., Brace, Gantt, Burgess, Valliant* and *Fox, JJ.,* concur *in toto; Marshall, J.,* concurs in the views expressed, but is in favor of reversing and remanding the cause for a new trial.

GANTT, J.—This is a suit in equity by the plaintiff as purchaser at a sheriff's sale, under a judgment obtained by him against the Real Estate Investment Company, of real estate conveyed by it by deeds of trust of August 19, 1893, to Benjamin Massey as trustee to secure sundry notes executed by said real estate company to one Frank B. Smith and by him indorsed and delivered to various banks and individuals which held notes of said real estate company, indorsed by B. F. Hobart and executed by J. S. Ambrose as president of said company, and which said notes were afterwards paid by said Hobart and Ambrose and the said lots sold by the trustee Massey and bought in by Hobart and Bigbee as administrator of Ambrose. At the direction of Hobart certain lots bought by him were conveyed by the trustee to the Crescent Iron Works, a corporation, and certain other to his wife, Mrs. Emma Hobart, and the amount of his bid indorsed on said notes.

Those bid in by Bigbee were conveyed to him and the bid indorsed on the notes for said Ambrose.

This cause was presented on substantially the same record as that filed in George H. Shields v. Hobart et al., and numbered 9411 on the docket of this court and the argument of both were heard together.

It is too plain for comment that Mrs. Hobart is a mere volunteer and that Bigbee stood in the shoes of his intestate as to these transactions, and as the validity of the notes and deeds of trust held by B. F. Hobart and Ambrose was determined to be void against the plaintiff in the equity suit No. 9411, above mentioned, it is unnecessary to review the evidence again, but for the reasons assigned in that case it must be held that said deeds of trust and the trustee's sales conveyed no

title as against plaintiff who was the purchaser of said lots under his judgment against said company.

' , The judgment of the circuit court was for defendants, and must be and is reversed with directions to enter a decree for plaintiff as prayed.

All concur.